IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HOWARD THOMAS MCKINNEY, #L3734                                          PETITIONER

VERSUS                                              CIVIL ACTION NO.  5:07cv72 DCB-MTP

STATE OF MISSISSIPPI
and FRANKLIN BREWER, Warden                                          RESPONDENTS

## ORDER

THIS MATTER is before the court on a motion to compel [16] filed by petitioner.  In his

motion, petitioner requests that respondent file "a true and correct copy of all records from the

appeal of the petitioner from the judgment of Warren County Circuit Court."  Petitioner also

requests that respondent send him a copy of these records.  Having considered the motion and the

entire record in this matter, the court finds that the motion should be granted in part and denied in

part.

Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts

provides as follows:

> The answer must...indicate what transcripts (of pretrial, trial,
> sentencing, or post-conviction proceedings) are available,
> when they can be furnished, and what proceedings have been
> recorded but not transcribed.  The respondent must attach to
> the answer parts of the transcript that the respondent considers
> relevant.  The judge may order that respondent furnish other
> parts of existing transcripts or that parts of untranscribed
> recordings be transcribed and furnished.

Rule 5 also provides that the respondent must file with the answer a copy of any briefs submitted

by the petitioner or prosecution in an appellate court relating to the conviction or sentence, and the

opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

By order dated April 19, 2007 [6], this court ordered respondent to file with his answer or

other responsive pleading "full and complete transcripts of all proceedings in the state court of Mississippi arising from the charges of the manufacture of a controlled substance, possession with intent to distribute, and possession of precursors with intent against petitioner in the Circuit Court of Warren County, Mississippi."  Respondent filed a motion to dismiss for failure to exhaust on May 9, 2007 [11].  The motion to dismiss was granted in part and denied in part by order dated October 24, 2007, and two of the four grounds in the habeas petition were dismissed.  Other than the instant motion, no further pleadings or other documents have been filed with the court.

IT IS, THEREFORE, ORDERED that plaintiff's motion to compel [16] is granted in part and denied in part as follows:

1)   Respondent shall file an answer to the petition, as amended, within twenty (20) days.  In the answer, respondent shall indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.  Respondent shall also attach to the answer parts of the transcript that the respondent considers relevant, as well as a copy of any briefs submitted by the petitioner or prosecution in an appellate court relating to the conviction or sentence, and the opinions and dispositive orders of the appellate court relating to the conviction or the sentence, to the extent those documents were not already attached to respondent's motion to dismiss;

2)   Respondent shall file with the clerk of the court, within twenty (20) days, full and complete transcripts of all proceedings in the state court of Mississippi arising from the charges of the manufacture of a controlled substance, possession with intent to distribute, and possession of precursors with intent against petitioner in the Circuit Court of Warren County, Mississippi; and

3)   Respondent need not produce a copy of the full and complete transcript to petitioner, as there is no requirement - either in statute or in the relevant rules - that respondent do so.

SO ORDERED and ADJUDGED this the 6th day of February, 2008.

s/ Michael T. Parker
United States Magistrate Judge