UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HOWARD THOMAS MCKINNEY, #L3734                            PETITIONER

VERSUS                          CIVIL ACTION NO. 5:07-cv-72-DCB-MTP

STATE OF MISSISSIPPI AND
FRANKLIN BREWER, WARDEN                                  RESPONDENTS

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation on August 5, 2009, [docket entry no. 24]. Therein, Judge Parker recommends that the petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [docket entry no. 1] be denied and dismissed with prejudice. Also before the Court is the petitioner's application for a certificate of appealability pursuant to Rule 11(a) of the rules governing §§ 2254 and 2255 cases effective December 1, 2009, which requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Having reviewed the record, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

The Magistrate Judge's Report and Recommendation as well as the state court opinions contain summaries of the facts in this case, so the Court will abbreviate the facts where appropriate. Petitioner Howard McKinney was convicted of manufacture of a controlled substance (methamphetamine)(Count I), possession of a controlled substance with intent to distribute (Count II), and

possession of precursor chemicals with intent to manufacture methamphetamine (Count III) in the Circuit Court of Warren County, Mississippi, on November 8, 2002. After his sentencing, the petitioner appealed his conviction and the Mississippi Court of Appeals reversed the conviction and sentence finding that there was insufficient evidence to show that the petitioner had constructive possession of the methamphetamine. On writ of certiorari filed by the State, the Mississippi Supreme Court reversed the court of appeals and held that there was sufficient evidence for the jurors to conclude that the petitioner was in constructive possession of methamphetamine.

On April 9, 2007, the petitioner filed for a Writ of Habeas Corpus. The petitioner raises four grounds for relief in his appeal. This Court, in a prior order, dismissed grounds three and four upon a recommendation of the Magistrate Judge. Therefore, at issue now are grounds one and two:

> Ground One: The petitioner argues that the evidence was insufficient to support his conviction.
>
> Ground Two: The petitioner argues that the burden of proof was shifted on appeal in violation of his right not to testify under the Fifth Amendment.

In the Report and Recommendation issued on August 5, 2009, Judge Parker concluded that: 1) sufficient evidence was presented at trial in which a rational trier of fact could have found that

the petitioner was in constructive possession of the contraband and 2) the comment that "McKinney offered no explanation for why he was within close proximity to the precursor chemicals," did not shift the burden of proof to the petitioner because the comment was made by the appellate court, not by the trial judge or prosecution, and it was made during the appellate court's summarization of the evidence presented against the petitioner at trial and the court's evaluation of the petitioner's claim that the evidence was insufficient to support his conviction.

In his objection to the Magistrate Judge's Report and Recommendation, the petitioner concedes that he was in physical proximity to the contraband and all the necessary precursor chemicals for producing methamphetamine. However, he contends that no other evidence was presented at trial to justify the jury's finding that he was in constructive possession of the contraband. As support for this argument, the petitioner states that the jury and the Mississippi Supreme Court, which affirmed his conviction, relied upon evidence that was not properly admitted during trial. The Court is of the opinion that the Magistrate Judge properly concluded that there was sufficient evidence to establish the petitioner's constructive possession of methamphetamine. The evidence showed that, along with his physical proximity to the contraband, the petitioner was in possession of a firearm with ammunition, he was surrounded by the necessary precursor chemicals

3

for the production of methamphetamine, the petitioner and the room smelled of ether, and actual methamphetamine was found in its final stages of production next to the petitioner. The evidence and testimony also showed that the petitioner had purchased anhydrous ammonia, a precursor chemical for producing methamphetamine, two days prior to his arrest, and that he had spoken with a witness, Jamie Pennington, about the use of anhydrous ammonia for making methamphetamine. The Magistrate Judge correctly concluded that this evidence was sufficient to establish that the petitioner was in constructive possession of the contraband. See Williams v. State, 971 So. 2d 581, 587 (Miss. 2007)(constructive possession "is established by showing that the contraband was under the dominion and control of the defendant").

The petitioner also objects to the Report and Recommendation arguing that the appellate court violated his Fifth Amendment right not to testify by shifting the burden of proof during his appeal in order to affirm his conviction. This argument is without merit. As the Magistrate Judge correctly recognized, the statement "McKinney offered no explanation for why he was within close proximity to the precursor chemicals," was made by the appellate court in its written opinion in the context of summarizing the evidence presented against petitioner at trial. In fact, the statement was made only after the appellate court established that the petitioner was in physical proximity to the contraband, which

the petitioner has already conceded. The petitioner has not presented any evidence that the appellate court shifted the burden of proof on appeal.

Habeas relief may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 29 U.S.C. § 2254(a). After a de novo review of the portions of the Report and Recommendation to which the petitioner has objected, the Court is unable to find any constitutional violation or error with the Magistrate Judge's conclusions. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. As a result, the Court finds that the petitioner's objections are without merit.

In regard to the petitioner's application for a certificate of appealability, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S.

473, 484 (2000).[1]  The Court therefore denies a certificate of appealability.

CONCLUSION

Based upon the foregoing,

IT IS HEREBY ORDERED that the Report and Recommendation [docket entry no. 24] is adopted in its entirety as the findings of the Court.

IT IS FURTHER ORDERED that the petitioner's objections [docket entry no. 26] to the Magistrate Judge's Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED that a certificate of appealability is

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> (a) Certificate of Appealability.  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

DENIED.

SO ORDERED AND ADJUDGED, this the 22nd day of March 2010.

                                    s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE